Opinion by
White, P. J.
§ 425. Petition in suit on a general letter of credit which is held insufficient; case stated. This suit had its origin in a letter written by Childress & Bros, of Terrill, Texas, to A. F. Robbins of Corsicana, Texas, and which contained the following language: “We wire you I. G. Lawrence’s full name, as requested by him. He tells me he has three hundred and fifty bales of cotton on hand now, one hundred and fifty here, one hundred at Forney, and one hundred at Kaufman. He says he can handle all the cotton at the above points, also at Wills Point, provided you want large quantities. He keeps an experienced man in cotton all the time besides himself; says he will guaranty weights and class of all cotton he ships. We will guaranty for him, so if you can give him a limit he can work at, you need have no fears, as we will furnish him all the money he wants. If you can do so, I think it would be well for you to see Lawrence and have a talk with him. If you had rather not come here, wire him to meet you at Kaufman, this county, or Dallas. If you could meet him at Kaufman and go through a lot *375 of cotton together, you could ■ satisfy yourself as to his knowledge of the business.” This letter was signed B. M. Childress & Bros., by one of the firm. Robbins, to whom the letter was addressed, it appears, was the agent of R. T. Wilson & Co. of New York, and was purchasing cotton for them. After the receipt of the above letter, Robbins entered into a verbal contract with Lawrence to purchase from him five hundred bales of cotton of designated grades, and which cotton was shipped to said Wilson & Co., who paid drafts drawn by Lawrence on the cotton. Wilson & Co. brought this suit, alleging that the cotton did not conform in grade, class and weights to the invoices of the consignor, and that thereby they had lost on said cotton $408.'To, for which sum they sought to hold Childress & Co. liable upon the guaranty contained in said letter. The death of Lawrence was alleged. A general demurrer, and special exceptions to the petition, were sustained, and, plaintiffs declining to amend, the suit was dismissed. The special exceptions were: 1. Because the petition affirmatively shows that said letter of guaranty sued on was made by defendants with said Robbins in his own name and right, and not with R. T. Wilson & Co., plaintiffs, nor with Robbins as their agent. 2. Because said petition did not show notice of acceptance by R. T. Wilson & Co., or A. F. Robbins, or any one, of the guaranty contained in said letter. Held, that the petition was obnoxious to both the general demurrer and the special exceptions, when considered in the light of the well established principles of law, as announced in the sections following.
§ 426. Letter of credit; general and particular; difference between. “When a letter of credit is'general, addressed to all persons, any one to whom it is presented may act upon it and enforce it. A letter of credit addressed to one with the design that it be shown to others, to induce them to act upon it, may be sued on by such others in their own names, if acted upon by them. But usually, a guaranty, when addressed to a particular party, *376 can only be acted upon and enforced by such party.” [Brandt on Sur. & Guar: § 97.]
§ 427. Guarantor; liability of, cannot be extended by implication; parol evidence not admissible to vary, etc., guaranty. A guarantor’s liability cannot be extended by implication, and where there is no ambiguity in the guaranty, parol evidence cannot be received to vary or explain, it. [Smith v. Montgomery, 3 Tex. 199; Brandt on Sur. & Guar. § 98.]
§ 428. Notice of acceptance of guaranty; rules as to. “ A question often arising upon commercial guaranties is, whether, in order to charge the guarantor, it is necessary that he be notified of the acceptance of the guaranty by the person acting upon it. When the guaranty is a letter of credit, or is an offer to become responsible for a credit which may or may not be given to another, at the option of the party to whom application for credit is made, the great weight of authority is, that the guarantor must, within a reasonable time, be notified of the acceptance of the guaranty. The most satisfactory reasons exist for these decisions. It is of the highest importance to the person thus offering his credit, that he should know that he is looked to for payment. Knowing that fact, lie will have an opportunity to regulate his dealings with his principal accordingly. . . . Another reason much relied upon by the courts is, that the transaction only amounts to an offer to guaranty until, the party making the offer is notified of its acceptance, when the minds of the parties meet and the contract is completed. Where the transaction is admitted to amount only to an offer to guaranty, it is universally held that, in order to charge the party making the offer, he must, within a reasonable time, be notified that his offer is accepted.” [Brandt on Sur. & Guar. §§ 157"-159 et seq.] “It is also well established that in case of a continuing guaranty, not only must notice of acceptance be given, but also, within a reasonable time after all the transactions are closed, the guarantor must be notified *377 of the amount due under the guaranty. . . . Good faith, we think, requires that where a party gives credit to another on the responsibility or undertaking of a third person, he should give immediate notice to the latter of the extent of the credit, especially when, as in the case under consideration, a continuing guaranty is given, without limitation of the time of its continuance, or of the amount of credit for which the guarantor might be held responsible.” [Id. § 163.] “A mere offer to guaranty, the same as any other offer, is not binding unless accepted.” [Id. § 167.] “Justice to the guarantor obviously requires that he should have notice of an intention to furnish goods or money, or do any similar thing on the credit of his guaranty. And this notice must be distinct, so that there can be no mistake about it, and given in good season, so that the guarantor may, if he chooses, take proper measures to secure himself. Such a case must, however, be discriminated from one of absolute and complete* guaranty; as where one writes, “I hereby guaranty you,” etc., and delivers the paper. This is not an offer or proposition to guaranty, but a declaration of the fact, and if made on good consideration binds the party, without further action on the part of him who receives it. But where the guaranty is made only as* an offer or a proposition, there must be a distinct acceptance of it.” [1 Pars, on Con. (7th ed.) pp. 479, 480.]
November 12, 1884.
Affirmed.